

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| RICKY JAMES SHEPARD,<br>　　　　Petitioner,<br><br>vs.<br><br>WARDEN KERSHAW CORRECTIONAL<br>INSTITUTION,<br>　　　　Respondent. | §<br>§<br>§<br>§　Civil Action No. 4:24-289-MGL<br>§<br>§<br>§<br>§ |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION
AND DISMISSING ACTION WITHOUT PREJUDICE
AND WITHOUT REQUIRING RESPONDENT TO FILE A RETURN**

Petitioner Ricky James Shepard (Shepard), filed a petition for habeas corpus under 28 U.S.C. § 2254 against Respondent Warden Kershaw Correctional Institution (Warden). He is representing himself.

This matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge recommending the Court dismiss the action without prejudice and without requiring Warden to file a return. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on January 31, 2024. To date, Shepard has failed to file any objections. But, on February 8, 2024, the Clerk's Office docketed a letter from Shepard to the Clerk of Court. The contents of the letter appear unrelated to the grounds raised in Shepard's petition.

"[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Moreover, a failure to object waives appellate review. *Wright v. Collins*, 766 F.2d 841, 845–46 (4th Cir. 1985).

Because Shepard sent the letter, which could be liberally construed as objections to the Report, however, the Court reviewed the matter de novo out of an abundance of caution. The Court agrees with the analysis and determinations in the Report.

After a thorough review of the Report and the record in this case under the standard set forth above, therefore, the Court adopts the Report and incorporates it herein. Therefore, it is the judgment of the Court this action is **DISMISSED WITHOUT PREJUDICE** and without requiring Warden to file a Return.

To the extent Shepard seeks a certificate of appealability, that request is **DENIED**.

**IT IS SO ORDERED**.

Signed this 28th day of February 2024, in Columbia, South Carolina.

                                                s/ Mary Geiger Lewis
                                                MARY GEIGER LEWIS
                                                UNITED STATES DISTRICT JUDGE

\*\*\*\*\*

**NOTICE OF RIGHT TO APPEAL**

Shepard is hereby notified of the right to appeal this Order within thirty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.